No. 91–359. CITY OF NEW YORK, DEPARTMENT OF PERSON-NEL, ET AL. *v.* PIESCO. C. A. 2d Cir. Certiorari denied. JUS-TICE WHITE would grant certiorari. 

No. 91–87. SCHMIDT *v.* UNITED STATES. C. A. 7th Cir. Motion of Parish Council of Our Lady of Lourdes Catholic Church et al. for leave to file a brief as *amici curiae* denied. Certiorari denied. 

No. 91–95. REDDY *v.* LITTON INDUSTRIES, INC., ET AL. C. A. 9th Cir. Certiorari denied. 

JUSTICE WHITE, dissenting.

One of the issues in this case is whether a person has standing to sue for a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U. S. C. § 1962(d), if the wrongful acts alleged do not constitute "predicate acts" as defined in § 1961(1). Following the lead of the Second Circuit in *Hecht* v. *Commerce Clearing House, Inc.,* 897 F. 2d 21 (1990), the Ninth Circuit in this case held that petitioner lacked standing to assert a conspiracy claim under § 1962(d) because he did not allege injury from overt acts which themselves are prohibited in the RICO statute. 912 F. 2d 291, 295 (1990).

The Court of Appeals recognized that a division in authority existed between the Second Circuit's view, as expressed in *Hecht,* and the Third Circuit's position propounded in *Shearin* v. *E. F. Hutton Group, Inc.,* 885 F. 2d 1162 (1989). In *Shearin,* the Third Circuit had held that a person has standing to assert a § 1962(d) violation for overt acts of conspiracy that are not defined in § 1961(1). 885 F. 2d, at 1166–1167. The Ninth Circuit explicitly rejected the Third Circuit's position and adopted the Second Circuit's rule.

Because a conflict exists among the Courts of Appeals on this important federal question, I would grant certiorari to consider it.

No. 91–101. UNIVERSAL FOODS CORP. *v.* WISCONSIN LABOR & INDUSTRY REVIEW COMMISSION ET AL. Ct. App. Wis. Motion of respondent Damato for leave to proceed *in forma pauperis* granted. Certiorari denied. 